IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>DAVID L. MUSK,<br><br>                    Defendant. | **8:10CR184**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 100.  Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion.  *See* 28 U.S.C. § 2255, Rule 4(b).  The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion.  *Id.*

After a jury trial, defendant was found guilty of Count I, II, and III of the indictment charging him with wire fraud in violation of 18 U.S.C. § 1343. Defendant filed a direct appeal challenging his conviction and sentence.  Filing No. 84.  On July 2, 1013, the Eighth Circuit affirmed the decision of the district court.  Filing No. 96.

In his § 2255 motion, the defendant claims ineffective assistance of counsel. Filing No. 100.  The defendant alleges multiple grounds for the ineffective assistance of counsel claims, however, they are summarized as follows: (1) counsel failed to request

a new trial, and (2) counsel failed to attend the presentence investigation meeting with the defendant.  Filing No. 100.

## I.      Law: Two-Prong *Strickland* Test for Ineffective Assistance of Counsel

Under 28 U.S.C. § 2255, a federal prisoner is entitled to "relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'"  *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)).   A movant may raise ineffective assistance of counsel issues in collateral proceedings.  *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).   "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).  Under the Fifth and Sixth Amendments, the right to assistance of counsel extends to both trial and to a defendant's first appeal of right.  *See Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (stating the right to counsel is fundamental at the trial level); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985) (discussing the fundamental right to effective assistance of counsel on a criminal defendant's first appeal as of right).

The right to counsel includes the right to reasonably effective counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)).   In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar two-part *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had

2

performed competently (prejudice).'"  *King*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'"  *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. April 1, 2010) (quoting *Strickland*, 466 U.S. at 687).  "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place."  *Id.*  at 906 (citing *Bobby v. Van Hook*, 558 U.S. 4, 6, 130 S. Ct. 13, 16 (2009) (per curiam)).  The court must consider "whether counsel's assistance was reasonable considering all the circumstances."  *Strickland*, 466 U.S. at 688.  The reasonableness of counsel's challenged conduct depends upon the facts of the particular case, viewed as of the time of counsel's conduct.  *King*, 595 F.3d at 852.  To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different."  *Christenson v. Ault*, 598 F.3d 990, 998 (8th Cir. 2010).

## II.   Discussion: No Deficient Performance

## A.   New Trial

The defendant claims that his attorney failed to request a new trial pursuant to Fed. R. Crim. P. 33(a). It appears the basis for this claim is due to the defendant taking the stand to testify during his trial. Defendant waived his Fifth Amendment rights and chose to take the stand. However, when the defendant took the stand he attempted to invoke the Fifth Amendment to certain questions presented on cross-examination. The court informed the defendant and counsel that you cannot partially waive the Fifth

3

Amendment; rather that it had been fully waived. Defendant claims that his attorney gave him bad advice regarding waiving the Fifth Amendment and testifying. The defendant claims that while he was testifying his attorney requested a mistrial in which the court overruled. Defendant claims that because counsel failed to pursue the mistrial that he is entitled to a new trial pursuant to Fed. R. Crim. P. 33(a).

Initially, the Court and counsel both spoke with the defendant about his Fifth Amendment rights. *See* Filing No. 95.  The Court determined that defendant clearly understood his Fifth Amendment rights.  In addition, the defendant was informed by the Court that he could have a mistrial, but that sanctions of trial costs would be imposed. *See* Filing No. 95. As such, the defendant declined to seek a mistrial.  *Id.*  Because this court informed the defendant that he could seek a mistrial, and he chose not to, the defendant fails to demonstrate how his counsel's performance fell below professional standards.

**B.    Presentence Investigation Meeting**

Defendant claims ineffective assistance of counsel, because his attorney did not attend the probation officer's presentence investigation meeting with the defendant. Pursuant to Fed. R. Crim. P. 32(c) the probation officer must provide notice to the defendant's attorney and a reasonable opportunity to attend the interview upon request. The defendant claims that his attorney, James Martin Davis, did not show up for the meeting pursuant to Rule 32 requirements.  Filing No. 101.  The defendant further claims that Davis told him it would be fine for him to go alone, and just to tell the truth during the meeting.  Although it is clear that the attorney did not attend the meeting, the defendant fails to demonstrate how his counsel's performance fell below professional

4

standards.  Defendant does not say anything specifically regarding how this failure to appeal prejudiced him in the sentencing part of this case.  Counsel argued at the sentencing regarding the applicability of certain findings, and the Court made rulings on each of these.

In conclusion, the Court finds that the allegations made by the defendant, even if true, do not state a claim of ineffective counsel under a *Strickland* analysis. Accordingly, the Court summarily denies defendant's motion pursuant to 28 U.S.C. § 2255.

THEREFORE, IT IS ORDERED THAT:

1.      The Court denies the defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Filing No. 100).

2.      The Court denies the defendant's motion to appoint counsel (Filing No. 110).

3.      The Court will enter a separate Judgment in conjunction with this Memorandum and Order.

Dated this 17th day of February, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge